1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 ROBERT HEIZELMAN,                                    Civil No.    10cv2541 DMS (WVG)

12
                                      Plaintiff,       **ORDER:**
13
                                                       **(1) GRANTING MOTION TO**
14                                                      **PROCEED** *IN FORMA PAUPERIS*
                                                       **[Doc. No. 2];**
15                         vs.
                                                       **(2) DENYING MOTION FOR**
16                                                      **APPOINTMENT OF COUNSEL;**

17                                                      **AND**

18 JOHN DOES, MCC; JOHN DOES,
   Mail Room and Correctional Officers;                **(3) DISMISSING COMPLAINT FOR**
19 JOHN DOES, Medical Unit,                             **FAILURE TO STATE A CLAIM**
                                                       **AND AS FRIVOLOUS PURSUANT**
20                                   Defendants.        **TO  28 U.S.C. § 1915(e)(2)**

21

22

23        Robert Heizelman, a former federal inmate, has filed a civil action pursuant to 42 U.S.C.

24 § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

25 he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

26 [Doc. No. 2], along with a Request for Appointment of Counsel [Doc. No. 3].

27 / / /

28 / / /

1  **I.      Motion to Proceed IFP**

2          All parties instituting any civil action, suit or proceeding in a district court of the United

3  States, except an application for writ of habeas corpus must pay a filing fee of $350.  *See* 28

4  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

5  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

6  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Because it appears that Plaintiff was

7  not incarcerated at the time he filed this action, he is not subject to the filing fee garnishment

8  found in 28 U.S.C. § 1915(b)(2).

9          Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any

10  other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient

11  to show that Plaintiff is unable to pay the fees or post securities required to maintain this action,

12  and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc.

13  No. 2].

14  **II.     Request for Appointment of Counsel**

15          Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.

16  The Constitution provides no right to appointment of counsel in a civil case, however, unless an

17  indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social*

18  *Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are

19  granted discretion to appoint counsel for indigent persons.  This discretion may be exercised

20  only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

21  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success

22  on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

23  complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be

24  viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d

25  1328, 1331 (9th Cir. 1986)).

26          The Court denies Plaintiff's request without prejudice, as neither the interests of justice

27  nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*,

28  827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

1  **III.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

2          Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the

3  Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

4  which relief may be granted, or seek monetary relief from a defendant immune from such relief."

5  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

6  (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

7          Plaintiff's allegations, which are far from clear, appear to arise from the time he was

8  housed at the Metropolitan Correctional Center ("MCC"). Plaintiff makes vague and conclusory

9  allegations that unnamed correctional officers twisted his wrists and threatened his life "on

10  numerous occasions." (Compl. at 3-5.)

11          The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a

12  duty on prison officials to provide humane conditions of confinement and to take reasonable

13  measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33

14  (1993).   However, every injury suffered by an inmate does not necessarily translate into

15  constitutional liability for prison officials.   *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.

16  1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does

17  not mandate comfortable prisons."). Here, Plaintiff fails to identify a single defendant by name

18  or provide any specific factual allegations that led to the alleged constitutional violations.

19          Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a

20  claim upon which § 1983 relief can be granted.

21          In addition, Plaintiff claims that jail officials somehow hindered his ability to send letters

22  to public officials, including President Obama. (*See* Compl. at 4.) Plaintiff also alleges that jail

23  officials hindered his ability to contact "news places" and states  that he is "naming no one on

24  this complaint because I am afraid of future harassment." (*Id.* at 4.)

25          A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*

26  *v. Williams*, 490 U.S. 319, 325 (1989).  Here, the Court finds Plaintiff's claims to be frivolous

27  under 1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and

28  appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2-1] is **GRANTED**.

2.    Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that:

3.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff is further **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: January 27, 2011

_____
HON. DANA M. SABRAW
United States District Judge